# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DIANE M. BENSON,

    Plaintiff,

vs.                                                                   No. CIV 99-0056 LH/KBM

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment and Brief (Docket No. 6), filed March 19, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion is well taken and shall be **granted** and the case is **dismissed.**

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court "view[s] the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party." *McGarry v. Bd. of County Comm'rs of the County of Pitkin*, 175 F.3d 1193, 1198 (10th Cir. 1999).

The party seeking summary judgment bears the initial burden of showing there are no disputed issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the burden shifts to the nonmovant to show specific facts supporting a

genuine issue for trial as to all of the essential elements of her case. *Id.* at 324. "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

As a preliminary matter, I note that Plaintiff has objected to portions of the Declaration and Supplemental Declaration of Jim Bernatawicz that were submitted by Defendant in support of this motion. (Docket Nos. 18 and 20). Plaintiff moves to strike Defendant's Exhibits 4, 5, 7, 8, 10 and 11 as inadmissible hearsay. Exhibit 4 is a copy of the Notice of Deficiency that was sent to Plaintiff for the years 1994 and 1995. Exhibit 5 is a copy of the envelope in which the notice was mailed by and returned to Defendant. Exhibits 7 and 10 are copies of Plaintiff's tax returns for the years 1996 and 1997. Exhibit 8 is a copy of an IRS notice to Plaintiff stating, "You figured your taxable income incorrectly. We figured your tax for you." None of these exhibits is offered to prove the truth of the matter asserted. *See* FED. R. EVID. 801(c). Rather, the significance of Exhibits 4, 5 and 8 lies solely in the fact that the notices were mailed. Exhibits 7 and 10 are significant only to show that Plaintiff listed her address as being on Adolfo Street. Therefore, these exhibits are not hearsay and will be considered by the Court.

Exhibit 11 is a copy of an IRS transcript which reflects the record of IRS activities regarding Plaintiff's tax liability. This transcript is accompanied by a declaration. The declarant is a qualified witness and testified in his declaration that the transcript was "compiled in the regular course of the IRS' business at or near the time an event occurs by or from a person with knowledge of the event or activity." (Bernatawicz Decl., ¶¶ 1 and 9). Nothing before the Court indicates a lack of

trustworthiness in the source of information or the method or circumstances of preparation of the transcript. Therefore, Exhibit 11 is not excluded by the hearsay rule as it falls within the business records exception. *See* FED. R. EVID. 803(6). Exhibit 11 will be considered by the Court.

**Count I - Injunctive Relief**

Plaintiff's first cause of action seeks an injunction prohibiting the IRS from collecting her income tax liability for the years 1994 through 1997, because the IRS never issued her any deficiency notice as required by 26 U.S.C. § 6213(a). The relevant portion of 26 U.S.C. § 6213(a) reads ". . . no assessment of a deficiency . . . and no levy shall be made . . . until [a notice of deficiency] has been mailed to the taxpayer . . . ." Section 6213(a) then states that "the making of such assessment . . . or levy . . . may be enjoined by a proceeding in the proper court . . . ."

Defendant states that a notice of deficiency for the years 1994 and 1995 was sent to Plaintiff. The copy of the notice attached to Defendant's motion shows that one notice for these two years, dated March 4, 1998, was addressed to Plaintiff at 508 Adolfo Street, Santa Fe, NM 87501. (Def.'s Ex. 4). The notice was returned to Defendant on March 22, 1998, stamped "UNCLAIMED." (Def.'s Ex. 5). Defendant did not mail notices of deficiency to Plaintiff for the years 1996 and 1997 because the tax assessments made by the IRS for both years were based on mathematical or clerical errors. Where an assessment arises out of mathematical or clerical errors, the IRS is not required to send a notice of deficiency before making the assessment or attempting to collect the tax due. 26 U.S.C. § 6213(b)(1). Defendant has met its initial burden of showing that the required notices of deficiency were sent to Plaintiff in accordance with 26 U.S.C. § 6213. The burden now shifts to Plaintiff to show specific facts supporting a genuine issue for trial.

Plaintiff claims that she is entitled to an injunction because Defendant failed to mail any deficiency notice to her last known address. *See Cyclone Drilling Co. v. Kelley*, 769 F.2d 662, 663 (10th Cir. 1985)("In this case, then, the taxpayer would be entitled to an injunction if the court were to find that the IRS did not send a Notice of Deficiency to the taxpayer's 'last known address' . . ."). Plaintiff suggests that the notices of deficiency should have been sent to the address listed on her 1994 and 1995 tax returns: 120 S. Federal Place, Santa Fe, NM. Defendant sent the deficiency notice to 508 Adolfo Street, Santa Fe, NM. Plaintiff never states that 508 Adolfo is not her last known address.

The term "last known address" means that address to which the IRS reasonably believes the taxpayer wishes the notice sent. *Cyclone*, 769 F.2d at 664 (10th Cir. 1985). "The address on the taxpayer's most recent return will ordinarily be the taxpayer's last known address unless further 'clear and concise' notice is provided to the IRS subsequent to the most recent return." *Id.* Tax returns filed by Plaintiff for the years 1996 and 1997 list the Adolfo Street address. (Def.'s Exs. 7 and 10). The notice in question was sent in March of 1998. Consequently, the Adolfo Street address is the one contained on the return that would be considered "most recent" in relationship to the notice. Plaintiff does not claim that she provided clear and concise notice, or indeed any notice, to the IRS that she wished to have notices sent to the S. Federal Place address. Therefore, Plaintiff has failed to meet her burden of showing specific facts such that a reasonable jury could find in her favor with respect to the tax years 1994 and 1995.[1]

---

[1]Plaintiff also cites a Tenth Circuit case to support her claim that she is entitled to an injunction. *See Guthrie v. Sawyer,* 970 F.2d 733 (10th Cir. 1992). "[T]he statutory exception to the Anti-Injunction Act provided by [26] U.S.C. § 6213(a) specifically authorizes an injunction prohibiting an assessment or levy when *the taxpayer has not received* a deficiency notice." *Id.* (emphasis added). This statement by the 10th Circuit incorrectly summarizes § 6213(a), the relevant part of which reads "until such notice has been *mailed to the taxpayer . . . .*" (emphasis added). Although *Guthrie* held that "a taxpayer may obtain injunctive relief under section 6213(a) based on the failure to

With respect to the years 1996 and 1997, Plaintiff argues that Defendant cannot rely on 26 U.S.C. § 6213(b)(1) because Defendant presented no evidence that it notified her of any mathematical or clerical errors on any of her returns. Section 6213(b)(1) begins with the phrase "*If the taxpayer is notified* that, on account of a mathematical or clerical error" and then goes on to state that the IRS is not required to send a notice of deficiency to the taxpayer prior to making an assessment or collecting the additional taxes arising out of mathematical or clerical errors. 26 U.S.C. § 6213(b)(1)(emphasis added). Defendant sent Plaintiff notices of changed assessed tax liability due to mathematical or clerical errors for the years 1996 and 1997. (Def.'s Exs. 6 and 11; Bernatawicz Decl., ¶¶ 17 and 26; Bernatawicz Supp. Decl., ¶¶ 6, 10-12.). Plaintiff states in her affidavit that she has never received any notice of correction of mathematical or clerical errors. However, she does not deny on the record that Defendant sent the notices. *See United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir. 1989)(summary judgment for IRS proper where taxpayer denied only that he received not and did not deny on the record that notice was sent), *cert. denied*, 493 U.S. 975 (1989); *United States v. Dixon*, 672 F.Supp. 503, 506 (M.D. Ala. 1987)(defendant's affidavit that he did not receive the statutory notice is not evidence that it was not mailed), *aff'd*, 849 F.2d 1478 (11th Cir. 1988). In conclusion, Plaintiff has not met her burden of presenting evidence sufficient to create a genuine issue of fact regarding the tax years 1996 and 1997. Therefore, summary judgment on Plaintiff's first cause of action will be granted in favor of Defendant.

---

receive a deficiency notice," the 10th Circuit later states in the same opinion that "[t]he IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." *Id.* at 737. A plain reading of § 6213(a) when considered with the 10th Circuit's statement at 737 suggests that use of the phrases "when the taxpayer has not received a deficiency notice" and "failure to receive a deficiency notice" are drafting errors. Instead, a taxpayer may obtain injunctive relief if the IRS fails to mail a notice of deficiency. Plaintiff's claim that she never received the notices is immaterial for the purposes of Defendant's summary judgment motion.

## Count II - Illegal Disclosure of Information

Plaintiff's second cause of action alleges that Defendant illegally disclosed tax information. The general rule is that information contained in a tax return is confidential and shall not be disclosed. 26 U.S.C. § 6103(a). There are, however, several exceptions, one of which allows disclosure of tax return information for tax administration purposes, the so called safe harbor exception. 26 U.S.C. § 6103(k)(6). This provision allows return information to be disclosed in lien and levy notices issued for the purpose of collecting tax. *Mann v. United States*, No. 98-2201 — F.3d —, 2000 WL 194306, at *5 (10th Cir. Feb. 18, 2000).[2]  Plaintiff claims that the lien and levy notices[3] issued by Defendant do not fall within the safe harbor exception because Defendant did not issue notices of deficiency prior to issuing the lien and levy notices as required by § 6213(a). Plaintiff claims that she is entitled to damages for the allegedly illegal disclosures pursuant to 26 U.S.C. § 7431. However, based on the recent reasoning in *Mann*, not available when the parties briefed this motion, summary judgment on Plaintiff's second cause of action shall be granted in favor of the Defendant.

In *Mann v. United States*, the IRS issued lien and levy notices in an effort to collect tax from the appellants. The disclosures in the lien and levy notices were limited to information necessary to effectuate the lien and levies, and as such, fell within the safe harbor exception. *Id.* at *7. Those disclosures included one or more of the following: appellant's names, their address, one or both of

---

[2] Plaintiff claims that § 6103(k)(6) only permits the IRS to disclose tax return information only to the extent necessary to obtain information. However, the Tenth Circuit has rejected such a narrow interpretation of the scope of authorization granted in § 6103(k)(6). *Mann*, 2000 WL 194306, at *5.

[3] The lien and levy notices allegedly disclosed (i) Plaintiff's name, (ii) Plaintiff's address, (iii) an identifying number, and (iv) alleged tax claims pertaining to the years 1994-1996.

appellants' social security numbers, type of tax, tax period, unpaid balance, statutory additions, and amount due. *Id.* at *1. The Tenth Circuit agreed with the majority of courts that have considered the issue and concluded that there is nothing in § 6103 that requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies. *Id.* at *6. Because the validity of the lien and levies is immaterial to the issue of whether the disclosure contained in those notices is authorized under § 6103, and because the disclosures were made for tax collection purposes, the Tenth Circuit held that the disclosures were proper, and there was no liability under § 7431. *Id.*

I find nothing in the record that distinguishes Plaintiff's second cause of action from the issue addressed by the Tenth Circuit in *Mann*. Because the disclosures were made for the purpose of establishing a lien against, and levying on, Plaintiff's assets to satisfy her tax liability, the IRS did not violate § 6103 and is not liable under §7431.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss and/or for Summary Judgment and Brief (Docket No. 6), filed March 19, 1999, is **granted.** This case shall be **dismissed** in accordance with the Final Judgment filed contemporaneously with this Memorandum Opinion and Order.

> _____
> **UNITED STATES DISTRICT JUDGE**